J-S47030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW P. MOONEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA A. HENNER, JEFFREY H. | : | |
| COATS, JORDAN JASSER, ASPECT | : | |
| ADVISORS, LLC, AND BOWERY | : | |
| INVESTMENTS, LP | : | No. 1819 EDA 2024 |

Appeal from the Order Entered June 6, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 221202207

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED AUGUST 22, 2025**

In this action for breach of contract, fraud, and various related torts arising from a failed business deal, the Plaintiff, Matthew P. Mooney, appeals from the order sustaining the preliminary objections of Bowery Investments, LP ("the Partnership"). The trial court ruled Philadelphia County is an improper venue as to the Partnership and dismissed it from this action.[1] Because Mr. Mooney and the Partnership contracted in Philadelphia County, we reverse.

According to the operable complaint, Joshua A. Henner and Jeffery H. Coats "share 50%/50% ownership" of the Partnership, which they "organized

---

[1] The trial court dismissed the Partnership without prejudice, so Mr. Mooney could refile his complaint against it in another county. Instead, he immediately took this appeal. An interlocutory "appeal may be taken as of right from an order in a civil action . . . declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles." Pa.R.A.P. 311(c). Because the trial court declined to proceed as to the Partnership based on venue, Mr. Mooney had the right to appeal the order.

in the State of Delaware with . . . its principal place of business" in New York City. Second Amended Complaint at 2. No Defendant resides in or regularly conducts business in Philadelphia County. *See id.*

Messrs. Mooney and Henner were business financers who frequently met online to discuss the stock market. In June of 2021, Mr. Henner "acting as a general partner of [the Partnership], told Mr. Mooney that he and his Partnership . . . had interest in investing in Mr. Mooney's fund." *Id.* at 5. The following summer, Mr. Henner sought personal loans from Mr. Mooney totaling $600,000, supposedly for an "opportunity related to [Mr. Henner's] speed position in a private company and for construction on his condominium." *Id.* at 8.

Mr. Henner made a string of false statements attempting to induce Mr. Mooney into loaning him the money. He provided Mr. Mooney with "forged and edited bank documents." *Id.* at 9. Mr. Henner "also produced phony e-mail threads to support his lies," while many "misrepresentations discussing [the Partnership's] investment in Mr. Mooney's fund came from e-mails with [the Partnership's] domain name." *Id.* at 9-10. Mr. Mooney declined to loan Mr. Henner any funds.

Then, on June 6, 2022, Mr. Henner, on behalf of the Partnership, called Mr. Mooney, who was in Philadelphia at the time. *See* Affidavit of Matthew P. Mooney at 1. The Partnership, by and through Mr. Henner, made an oral offer: "if Mr. Mooney would agree to the loan, [the Partnership] would commit to investing . . . in Mr. Mooney's fund . . . [and] would introduce Mr. Mooney

to several potential investors with whom [the Partnership] had a relationship." Second Amended Complaint at 10.

Mr. Mooney "verbally accepted" the offer by phone. Affidavit of Matthew P. Mooney at 1. Under the contract, the Partnership "committed to investing in [Mr. Mooney's] fund and making capital introductions in exchange for [Mr. Mooney] agreeing to execute a promissory note with [Mr.] Henner . . . ." *Id.* "This agreement between Mr. Mooney and [the Partnership] formed a collateral contract to the promissory note" that Mr. Mooney subsequently entered with Mr. Henner. Second Amended Complaint at 11.

On September 19, 2022, Mr. Mooney loaned Mr. Henner $600,000. Mr. Henner agreed to repay the debt with interest by October 17, 2022, but Mr. Henner missed that deadline.

Mr. Mooney granted Mr. Henner two extensions, until December 20, 2022. *See id.* at 14. When that day arrived, Mr. Henner "e-mailed a confession to Mr. Mooney, admitting that he 'lied to and deceived Mr. Mooney for an extended period of time,' that he and [the Partnership] 'never intended to invest in Mr. Mooney's fund,' and that he forged stock and bank statements." *Id.* at 14-15 (quoting Ex. G: Mr. Henner's December 20, 2022, E-mail to Mr. Mooney at 1) (some punctuation omitted). This litigation ensued.

In his operable complaint, Mr. Mooney raised several counts against the Partnership, including the breach of its contract to invest in Mr. Mooney's fund.

**See id.** at 30-31.[2]  In response, the Partnership filed preliminary objections and asserted that venue in Philadelphia County was improper.  None of the other defendants challenged the venue.

The Partnership alleged, "No material transaction or occurrence relating to the 19 causes of action that Mr. Mooney purports to have asserted occurred in Philadelphia."  Partnership's Preliminary Objections at 4 (cleaned up).  In its view, "the gist of plaintiff's claims all arise from promises made and covenants set forth in contractual documents signed by Mr. Henner, including the two Promissory Notes."  **Id.** at 7-8.  Because Mr. Mooney is a resident of Montgomery County, the Partnership believes that "performance by Henner was due not in Philadelphia County, but rather in Montgomery County, where Plaintiff Mooney resides."  **Id.** at 8.

In his response to the preliminary objections, Mr. Mooney offered his affidavit to show that he was in Philadelphia when he made the oral contract with the Partnership.  **See** Ex. A Mooney's Response to Preliminary Objections.  The trial court received briefing from the parties, but it conducted no hearing or oral argument.  On June 6, 2024, the court entered an order sustaining the

_____

[2] Mr. Mooney also sued the Partnership for fraud, negligent misrepresentation, aiding and abetting Mr. Henner's fraud, and civil conspiracy to commit fraud.

preliminary objections to venue in favor of the Partnership and dismissing it from this action without prejudice.[3]  This timely appeal followed.

Mr. Mooney raises multiple issues on appeal, which we have reordered for ease of disposition as follows:

1.    Did the trial court err in making unsupported factual determinations?

2.    Did the Trial Court err in not applying Pa.R.C.P. 1006(c)(1) and 1006(a)(3) in its analysis of venue when joint and several liability was properly sought in [Mr. Mooney's] second amended complaint?

3.    Did the trial court err in ignoring Mr. Mooney's undisputed facts which support venue?

4.    Did the trial court err in placing the burden of proof on Mr. Mooney?

5.    Did the trial court err in not applying Pa.R.C.P 1006(a)(2) or 2130(a)(3) to Mr. Mooney's argument that his causes of action arose in Philadelphia County?

6.    Did the trial court err in deciding objections using contested facts without first holding a hearing or receiving any deposition testimony?

Mooney's Brief at 11-12.  We address only the first issue, because it is dispositive of this appeal.

_____

[3] The trial court also granted dismissal of Mr. Coats based on venue, even though he had not challenged the venue.  Mr. Mooney sought reconsideration, and the trial court vacated the portion of the order that applied to Mr. Coats. We note for future reference that the proper remedy for improper venue, generally, is not dismissal of the action, but transfer to a county with proper venue.  *See* Pa.R.C.P. 1006(e).

Mr. Mooney claims the trial court abused its discretion by finding a fact that the record does not support. He observers that the trial court framed "the June 6, 2022, contract as being between Messrs. Mooney and Henner, in his individual capacity." *Id.* at 36. However, Mr. Mooney "has consistently alleged that the agreement reached between [himself and the Partnership] on June 6, 2022, was an oral contract formed [by] Mr. Henner operating solely in his role as [the Partnership's] General Partner." *Id.* Hence, Mr. Mooney argues that the record establishes that he and the Partnership contracted in Philadelphia County and that transactional venue is proper there. *See id.* at 36-46.

In response, the Partnership does not claim that it contracted with Mr. Mooney somewhere other than Philadelphia County. Instead, it attempts to dismiss the fact that the parties contracted there as "mere existence of random occurrence." The Partnership's Brief at 5. In its view, the "trial court appropriately held that the facts Mr. Mooney [offered] in support of his argument for venue in Philadelphia [were] fortuitous and coincidental circumstances that did not meet Pennsylvania's standards to permit proper venue in Philadelphia." *Id.* The Partnership contends that accepting a phone call in Philadelphia County does not create venue there. *See id.* at 12. In this instance, because the phone call created the parties' oral contract, the Partnership improperly downplays its importance to the venue analysis.

Trial courts have "considerable discretion to determine whether to grant a change of venue, and such a determination will not be disturbed on appeal

- 6 -

absent an abuse of discretion." ***Hangey v. Husqvarna Pro. Prods., Inc.***, 304 A.3d 1120, 1141 (Pa. 2023). "An abuse of discretion is not merely an error of judgment but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." ***Id.*** (some punctuation omitted).

Under Pennsylvania Rules of Civil Procedure 2130 venue is proper as to a partnership whenever "a transaction or occurrence took place out of which the cause of action arose . . . ." Pa.R.C.P. 2130(a)(3).

"It is well-established that a contract is formed when the parties to it 1) reach a mutual understanding, 2) exchange consideration, and 3) delineate the terms of their bargain with sufficient clarity. Consideration consists of a benefit to the promisor or a detriment to the promisee." ***Rice Drilling B, LLC v. Scott***, 325 A.3d 663, 670 (Pa. Super. 2024), *reargument denied* (Nov. 13, 2024) (some punctuation omitted). "For the purpose of examining whether venue in a breach of contract claim is proper, a 'transaction or occurrence' does not include the performance of any act in the contract formation process but, rather, the term refers to the ultimate formation of the contract itself." ***Id.*** at 671 (some punctuation omitted). Thus, if Mr. Mooney alleged and offered facts establishing that he and the Partnership formed their contract in Philadelphia County, then there was a transaction or occurrence under Rule 2130 to make Philadelphia a proper venue as to the Partnership.

In this regard, Mr. Mooney contends the trial court made a finding of fact that has no support in the record. Hence, he asserts that the trial court made a manifestly unreasonable decision to sustain the Partnership's preliminary objection to venue. We agree that the trial court abused its discretion in this manner.

In its 1925(a) Opinion, the trial court acknowledged that Mr. Mooney offered his affidavit to "establish that he entered into oral contracts with [the Partnership] while he was passing through Philadelphia." Trial Court Opinion, 7/11/24, at 1 (quotation marks omitted). However, it then said Mr. Mooney's affidavit was based on "assumptions and conclusory assertions rather than 'facts,'" even though Mr. Mooney was the only party with firsthand knowledge of where he was on June 6, 2022. No defendant offered any evidence to the contrary or to show that Mr. Mooney was anywhere other than Philadelphia during the June 6th phone call.

Hence, the trial court ignored the allegation in the second amended complaint that Mr. Henner, acting a general partner of the Partnership, orally offered for the Partnership to invest in Mr. Mooney's fund if Mr. Mooney would loan $600,000 to Mr. Henner. *See* Second Amended Complaint at 10-11. At this, the pleadings stage of the case (especially given that the trial court conducted no hearing to determine Mr. Mooney's credibility), we must "accept as true all well-pleaded, material, and relevant facts alleged in the [operable complaint] and every inference that is fairly deducible from those facts" in

favor of the plaintiff. **Crawford v. Commonwealth**, 326 A.3d 850, 874 (Pa. 2024).

According to Mr. Mooney's uncontested affidavit, he was in Philadelphia during that phone call and accepted the Partnership's offer. Furthermore, he averred that the "agreement between Mr. Mooney and [the Partnership] formed a collateral contract to the promissory note" that Mr. Mooney subsequently entered with Mr. Henner, in Mr. Henner's personal capacity. Second Amended Complaint at 11. Thus, the trial court made a factual finding unsupported by the record that Mr. Mooney "concede[d] that the purported conversion involved **Mr. Henner** promising that he would cause [the Partnership] to invest in Mr. Mooney's fund . . . ." Trial Court Opinion, 7/11/24, at 2 (emphasis in original). What the trial court fundamentally failed to recognize was that, when Mr. Henner did this, he did so by and on behalf of the Partnership. Therefore, it was the Partnership, through Mr. Henner, that contracted with Mr. Mooney while he was in Philadelphia County on June 6, 2022. Because the trial court held no evidentiary hearing, there is nothing in the record to disprove Mr. Mooney's allegations that Mr. Henner acted on behalf of the Partnership.

The Partnership offered Mr. Mooney an oral contract in Philadelphia, which he accepted within that county. Thus, the transaction for Mr. Mooney's breach-of-contract claim against the Partnership occurred in Philadelphia County. **See Rice Drilling**, **supra**. Because "an action against a partnership may be brought in and only in a county where . . . a transaction or occurrence

took place out of which the cause of action arose," the trial court misapplied Rule of Civil Procedure 2130(a)(3). It thereby abused its discretion by sustaining the Partnership's preliminary objection to venue.

Mr. Mooney is entitled to full appellate relief on this basis alone. Thus, we dismiss his remaining claims as moot and reverse the order dismissing the Partnership from this matter in Philadelphia County.

Order reversed. Case remanded for the Partnership to file its Answer.

Jurisdiction relinquished.

Judge Beck joins. Judge Sullivan notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/22/2025